UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

NOAH RICHARDSON,

    Plaintiff,

    v.                       CAUSE NO. 1:25-CV-251-TLS-JEM

BRADY THOMAS, et al.,

    Defendants.

## OPINION AND ORDER

Noah Richardson, a prisoner without a lawyer, filed a vague complaint. ECF 12. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Richardson, who is currently incarcerated at the Miami Correctional Facility, is suing three individuals—Brady Thomas, Zach Shifflet, and Joshua Carpenter—for events that occurred at the DeKalb County Jail on May 15, 2025. The body of the complaint contains a single paragraph:

> DeKalb County Jail refused to let me go to the jail's church service (Gideons) while I was housed on maximum security block. While in the jail's inmate handbook it states that 'all' inmates are subject to the same services and events. This is a violation to my first and fourteenth amendment.

ECF 12 at 2 (cleaned up for clarity).

These sparse allegations are too vague to state a constitutional claim. "The Free Exercise Clause [of the First Amendment] prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (cleaned up). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thompson v. Holm*, 809 F.3d 376, 379–80 (7th Cir. 2016) (cleaned up).[1] Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89–91 (1987). Additionally, the Supreme Court has long established "the general proposition that a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993).

Richardson seeks $500,000 in monetary damages against the three individuals named above. He doesn't indicate how they were involved in the incident he is suing about or what roles they played at the jail. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) (stating that "[f]or a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights"). Moreover, Richardson does not explain what religion he practices, if and why the church service is central to his beliefs, how long he was in restricted housing, how many times he was prevented from attending the church service, and whether he had other options for exercising his religion while in maximum security restricted housing.

---

[1] "De minimis burdens" on the free exercise of religion are not actionable. *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999).

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (cleaned up). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (cleaned up). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Richardson's allegations fall short of what is required.[2]

This complaint does not state a claim for which relief can be granted. If Richardson believes he can state a claim based on (<u>and consistent with</u>) the events described in this

---

[2] Richardson has not stated a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA) either. RLUIPA offers broader protections than the First Amendment by preventing the state from placing a substantial burden on any aspect of one's religious practice, even if it is not central to the religion. *See Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). However, current Seventh Circuit precedent suggests RLUIPA does not allow monetary damages claims against individual defendants. *See id.; Walker v. Baldwin*, 74 F.4th 878, 881 n.1 (7th Cir. 2023) (collecting cases) ("Every federal circuit court that has addressed whether RLUIPA authorizes money damages against state officials in their individual capacities has held that it does not."); *Williams v. Garner*, No. 20 C 7281, 2025 WL 860097, at *15 (N.D. Ill. Mar. 19, 2025) ("The same reasoning applies to county officials acting in their individual capacities, limiting available remedies to declaratory and injunctive relief."). Here, Richardson's complaint seeks monetary damages only against three individuals, and he has not provided sufficient details to plausibly suggest any sort of official capacity claim. Moreover, he has been transferred out of the DeKalb County Jail (ECF 14), which moots any injunctive relief claims. *See Thompson v. Bukowski*, 812 Fed. App'x 360, 364 (7th Cir. 2020) (explaining that RLUIPA claims against jail officials moot after transfer because the Act "provides for only injunctive relief"); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred.").

complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. He needs to explain when, where, why, and how each defendant violated his rights. He needs to include every fact necessary to explain his case and describe his injuries or damages. He needs to use each defendant's name, if known, every time he refers to that defendant.

For these reasons, the court:

(1) GRANTS Noah Richardson until **October 20, 2025**, to file an amended complaint; and

(2) CAUTIONS Noah Richardson that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state any claims for which relief can be granted.

SO ORDERED on September 26, 2025.

                                          s/ Theresa L. Springmann
                                          JUDGE THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT