**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

NOAH RICHARDSON,

    Plaintiff,

        v.                              CAUSE NO. 1:25-CV-251-TLS-JEM

BRADY THOMAS, et al.,

    Defendants.

**OPINION AND ORDER**

Noah Richardson, a prisoner without a lawyer, filed a "Verified Motion for Fee Waiver" in this closed case. ECF 18. He asks the court to "waive all costs of this action" and allow him to proceed "without the payment of any filing fees or other costs." *Id*. at 1.

To the extent Richardson is seeking to reopen this case, the court declines to do so. This case was dismissed on November 3, 2025, because Richardson's original complaint failed to state any claims, and he did not file an amended complaint in accordance with the court's screening order. *See* ECF 15 & ECF 16. Judgment was entered that same day. ECF 17. Richardson's current motion was filed more than twenty-eight days after the entry of the judgment, so it is construed pursuant to Federal Rule of Civil Procedure 60(b). *See Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). An order granting relief under Rule 60(b) is an "extraordinary remedy" that is granted "only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005).

Here, the only arguably applicable basis for relief could be "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). However, Richardson's motion—which was filed more than six months after this case was dismissed—does not assert that the

court's screening and dismissal orders were incorrect or based on a mistake of fact or law. Moreover, he offers zero explanation for missing the October 20, 2025, deadline to amend. In any event, Richardson has not shown the extraordinary remedy of reopening the case is warranted. *See, e.g., Karraker*, 411 F.3d at 837.

To the extent Richardson is simply seeking to have his filing fee waived, the court cannot do that either. "[I]f a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). A prisoner is required to pay an initial filing fee and thereafter "the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) *overruled on other grounds* by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). The prison is required to take "20% of whatever sums enter a prison trust account, disregarding the source." *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998) (citation omitted). Payments are collected under the mechanism set forth in the statute, and the court does not have authority to waive the fee, or to modify the amount or timing of payments. *Id*.; *see also Newlin*, 123 F.3d at 436 ("A prisoner who files one suit remits 20 percent of income to his prison trust account; a suit and an appeal then must commit 40 percent, and so on."). The statutory framework does not permit a prisoner's filing fee payments to be delayed or suspended. Moreover, the fact that a prisoner owes filing fees for more than one case does not relieve him of the obligation to pay the fees in the others. *See Bruce v. Samuels*, 577 U.S. 82, 87 (2016) ("§ 1915(b)(2) calls for simultaneous, not sequential, recoupment of multiple filing fees"). Because the statutory framework does not permit a prisoner's filing fee payments to be delayed, suspended, or waived, Richardson's motion must be denied.

For these reasons, the motion (ECF 18) is DENIED in its entirety.

SO ORDERED on June 1, 2026.

s/ Theresa L. Springmann
JUDGE THERERSA L. SPRINGMANN
UNITED STATES DISTRICT COURT